HHN

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| METROPOLITAN LIFE INSURANCE COMPANY, | )<br>)<br>) |
| Plaintiff, | )<br>) |
| | ) No. 06 C 5812 |
| v. | )<br>) Honorable Charles R. Norgle |
| THE GUARDIAN LIFE INSURANCE COMPANY OF AMERICA, O'M & ASSOCIATES LLC DBA O'MALLEY ASSOCIATES, | )<br>)<br>)<br>)<br>) |
| Defendants. | ) |

## OPINION AND ORDER

CHARLES R. NORGLE, District Judge

Before the court is Defendants The Guardian Life Insurance Company of America ("Guardian") and O'M & Associates, LLC's ("O'M") (collectively "Defendants") motion for summary judgment. For the following reasons, the Court denies Defendants' motion.

## I. BACKGROUND[1]

### A. State Court Proceedings

On June 28, 2005, Metropolitan Life Insurance Company ("MetLife") filed a complaint in the Circuit Court of DuPage County (the "Circuit Court") against former MetLife employee John DeSimone ("DeSimone"), alleging that DeSimone stole customer files from MetLife's office in Downers Grove in violation of his employment agreement (the "State Court Action"). On July 1, 2005, MetLife filed a six-count amended complaint, naming DeSimone, Guardian,

---

[1] Unless otherwise attributed, the Court takes all facts presented in this Opinion from the parties Local Rule 56.1(a)(3) and 56.1(b)(3) Statements and Responses. For a full recitation of the facts at issue in this matter, see Metropolitan Life Ins. Co. v. Guardian Life Ins. Co., No. 06 C 5812, 2007 WL 1169704 (N.D. Ill. April 17, 2007).

and former MetLife employees Michael O'Malley ("O'Malley"), Annette Hammortree ("Hammortree"), Laura Davis ("Davis"), Mary Patricia Ernst ("Ernst"), and Katie Lemming ("Lemming"). On that same day, MetLife filed a motion for a temporary restraining order, seeking to enforce the restrictive covenants in the former MetLife employees' employment agreements. On July 6, 2005, the Circuit Court denied MetLife's motion. See MetLife Ex. C at 3. On July 13, 2005, MetLife filed a ten-count second amended complaint, adding Guardian's wholly owned subsidiary Park Avenues Securities LLC ("Park Avenue") as a defendant. MetLife also filed another motion for a temporary restraining order on July 13, 2005. The Circuit Court denied MetLife's second motion for a temporary restraining order on July 27, 2005. Two days later, MetLife filed a motion to voluntarily dismiss the State Court Action. On August 3, 2005, Guardian and the other defendants moved to dismiss MetLife's second amended complaint. On January 23, 2006, the Circuit Court denied MetLife's motion for voluntary dismissal and instead dismissed the case pursuant to defendants' motion. On July 27, 2006, the Illinois Appellate Court overruled the Circuit Court's denial of MetLife's motion for voluntary dismissal and directed the Circuit Court to grant MetLife's motion.

## B. MetLife's First Federal Court Action

On July 26, 2005, MetLife filed a complaint in the Northern District of Illinois against Guardian, Park Avenue, O'Malley, Davis, Ernst, Hammortree, Lemming and two additional former MetLife employees Justin LaMonica ("LaMonica") and Leo Zimmerman ("Zimmerman"). The complaint was based largely on the same events that gave rise to the State Court Action. On July 29, 2005, MetLife amended the complaint to name former MetLife employee Jeffrey Bishop ("Bishop") as a defendant and add all the state law claims that MetLife asserted previously in the State Court Action. On September 9, 2005, this Court *sua sponte*

dismissed MetLife's complaint for lack of venue pursuant to an arbitration agreement between MetLife and O'Malley.

## C. MetLife's Arbitration Action

On July 29, 2005, the same day MetLife filed its amended complaint in this Court, MetLife also filed an action for arbitration (the "Arbitration Action") before the National Association of Securities Dealers (NASD) against Guardian, Park Avenue, O'Malley, Davis, Hammortree and Ernst. The Arbitration Action is based on the same events MetLife alleged in the State Court Action. The Arbitration Action ended with respect to Guardian on October 17, 2006 when the Circuit Court enjoined the NASD from treating Guardian as a party to the Arbitration Action.

## D. MetLife's Second Federal Court Action

On October 25, 2006, eight days after Guardian ceased to be a party to the Arbitration Action, MetLife filed the present action against Guardian, alleging primarily the same facts as in the State Court Action, the Arbitration Action and MetLife's prior federal action. The eight counts contained in the complaint were identical to those alleged in the Arbitration Action and the prior federal action. MetLife amended its complaint on February 9, 2007, naming O'M as a defendant. On April 17, 2007, this Court denied the motion to dismiss Guardian filed in 2006 and ordered Defendants to answer MetLife's amended complaint.

On May 17, 2007, Defendants filed their answer to MetLife's amended complaint (the "Answer"). Defendants' Answer contained seven affirmative defenses. Among other affirmative defenses, Defendants asserted that MetLife's claims are barred by issue preclusion and that MetLife failed to state a claim upon which relief could be granted. More specifically, Defendants' "issue and/or claim preclusion" affirmative defense stated in its entirety as follows:

3

"MetLife's claims are or will be barred by issue and/or claim preclusion to the extent of any factual issue actually decided in other legal proceedings." Answer at 22. Defendants' failure to state a claim defense simply stated, "MetLife fails to state a claim upon which relief can be granted." Id. at 21.

On June 25, 2007, the parties submitted a joint proposed scheduling order, later approved by this Court, requiring the parties to file any amendments to the pleadings by August 17, 2007. Defendants acknowledge that following the filing of their Answer, they did not amend their pleadings before August 17, 2007.

On March 31, 2009, Guardian filed a motion for summary judgment (the "Motion"), claiming that MetLife's claims were barred by Illinois' "one-refiling rule." On April 3, 2009, the Court granted O'M's motion to join Guardian's Motion. The Motion is now fully briefed and before the Court.

## II. DISCUSSION

### A. Standard for Summary Judgment

Summary judgment is permissible when "there is no genuine issue as to any material fact and . . . the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c). The nonmoving party cannot rest on the pleadings alone, but must identify specific facts, see Heft v. Moore, 351 F.3d 278, 283 (7th Cir. 2003), that raise more than a mere scintilla of evidence to show a genuine triable issue of material fact. See Szymanski v. Rite-Way Lawn Maintenance Co., 231 F.3d 360, 364 (7th Cir. 2000).

In deciding a motion for summary judgment, the court can only consider evidence that would be admissible at trial under the Federal Rules of Evidence. See Stinnett v. Iron Works Gym/Executive Health Spa, Inc., 301 F.3d 610, 613 (7th Cir. 2002). The court views the record

4

and all reasonable inferences drawn therefrom in the light most favorable to the nonmoving party. See FED. R. CIV. P. 56(c); see also Koszola v. Bd. of Educ. of City of Chi., 385 F.3d 1104, 1108 (7th Cir. 2004). "In the light most favorable" simply means that summary judgment is not appropriate if the court must make "a choice of inferences." See United States v. Diebold, Inc., 369 U.S. 654, 655 (1962); see also First Nat'l Bank of Ariz. v. Cities Serv. Co., 391 U.S. 253, 280 (1968); Spiegla v. Hall, 371 F.3d 928, 935 (7th Cir. 2004). The choice between reasonable inferences from facts is a jury function. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986).

The inferences construed in the nonmoving party's favor, however, must be drawn from specific facts identified in the record that support that party's position. See Szymanski, 231 F.3d at 364. Under this standard, "[c]onclusory allegations alone cannot defeat a motion for summary judgment." Thomas v. Christ Hosp. & Med. Ctr., 328 F.3d 890, 892-93 (7th Cir. 2003) (citing Lujan v. Nat'l Wildlife Fed'n, 497 U.S. 871, 888-89 (1990)).

## B. Waiver of the "One-filing" Rule Affirmative Defense

Defendants' Motion asserts that summary judgment is appropriate in the present case because MetLife's claims are barred by Illinois' "one-refiling rule." MetLife contends that Defendants' Motion should be denied because Defendants waived their one-refiling rule argument by failing to plead the one-filing rule as an affirmative defense in their Answer. The Court agrees with MetLife.

The one-filing rule states in pertinent part as follows:

> In the actions specified in Article XIII of this Act or any other act or contract where the time for commencing an action is limited, if judgment is entered for the plaintiff but reversed on appeal, or if there is a verdict in favor of the plaintiff and, upon a motion in arrest of judgment, the judgment is entered against the plaintiff, or the action is dismissed by a United States District Court for lack of jurisdiction, or the action is dismissed by a United States District Court for improper venue,

then, whether or not the time limitation for bringing such action expires during the pendency of such action, the plaintiff . . . may commence a new action within one year or within the remaining period of limitation, whichever is greater, after such judgment is reversed or entered against the plaintiff, or the action is dismissed by a United States District Court for lack of jurisdiction, or the action is dismissed by a United States District Court for improper venue.

735 ILL. COMP. STAT. 5/13-217.

Importantly, courts consider the one-filing rule part of Illinois' statute of limitations scheme. See Evans v. Lederle Lab., 167 F.3d 1106, 1110 (7th Cir. 1999) (collecting cases).

Defendants argue that after MetLife filed the State Court Action in 2005, the one-filing rule allowed MetLife only one opportunity to refile. According to Defendants, after this Court dismissed MetLife's first federal action, the one-filing rule barred MetLife from any further refilings of the State Court Action. In this context, Defendants contend that MetLife's present action is, at the least, MetLife's second re-filing of the State Court Action and is therefore barred under the one-refiling rule. The Court, without reaching a determination as to the applicability of the one-refiling rule to the present action, concludes, however, that Defendants waived the one-refiling defense by failing to plead the defense in their Answer.

Federal Rule of Civil Procedure 8(c) states that "[i]n responding to a pleading, a party must affirmatively state any avoidance or affirmative defense, including . . . [a] statute of limitations [defense] . . . ." The general rule is that an affirmative defense is considered waived if it is not included in the defendant's responsive pleading. See Walker v. Sheahan, 526 F.3d 973, 979 (7th Cir. 2008) ("The record shows that the defendants failed to plead [their statute of limitations] defense and therefore waived it."); see also Coleman v. Ramada Hotel Operating Co., 933 F.2d 470, 475 (7th Cir. 1991) ("[A] defendant's omission of an affirmative defense should therefore amount to a waiver."); Johnson v. Sullivan, 922 F.2d 346, 355 (7th Cir. 1990)

(holding that a defendant must raise its statute of limitations defense "in a responsive pleading as an affirmative defense or it will be considered waived").

Here, there is no dispute that Defendants failed to specifically reference the one-filing rule or a statute of limitations defense in the affirmative defenses included in their Answer. Defendants, however, claim that they did not waive the one-refiling rule defense because Defendants "broadly pled the affirmative defenses of issue and claim preclusion . . . in [their] answer to the Amended Complaint." Defs.' Reply 2-3. Defendants cite to Coleman in support of their argument that the defenses of issue and claim preclusion encompass a statute of limitations defense and Defendants thus were not required to make specific mention of the one-refiling rule in their Answer.

Coleman though is easily distinguishable from the present case. In Coleman, defendant argued that it did not waive an assumption of risk defense because defendant pleaded the broader defense of contributory negligence. 933 F.2d at 474-75. The Seventh Circuit agreed, noting that the two defenses are "often confused" and Illinois courts had previously acknowledged that contributory negligence often passes under the name of assumption of risk. Id. at 475. In contrast to the defendant in Coleman, Defendants cite no authority suggesting that claim preclusion and statute of limitations defenses are often confused or are referred to interchangeably. Thus, the unique circumstances that gave rise to the finding of no waiver in Coleman are not present here.

More instructive is Walker, where defendants argued that they effectively pleaded an Illinois' statute's time limitation defense by pleading the immunity defenses present in that same statute. 526 F.3d at 979. The Walker court disagreed, noting that "[defendant] never mentioned the *limitations* provision [of the statute]." Id. The court therefore concluded that defendants

waived the limitations defense because "defendants first put [plaintiff] on notice of their intent to rely on a statute of limitations at summary judgment." Id. In the present case, Defendants not only failed to reference the limitations aspect of 735 ILL. COMP. STAT. 5/13-217 in their Answer, they failed to mention the statute at all. In fact, Defendants failed to make any specific mention of a statute of limitations defense in their Answer. Thus, as in Walker, Defendants first put MetLife on notice of their intent to rely on a statute of limitations defense at summary judgment. As a result, Defendants' failure to plead the one-filing rule in their Answer constituted a waiver of the defense.

Defendants next suggest that even if the Court holds that Defendants waived the one-filing rule defense, the Court should still allow Defendants to raise the defense at this belated juncture. Defendants are correct that a "district court has discretion to allow affirmative defenses to be amended in certain situations . . . ." Id. (citing Venters v. City of Delphi, 123 F.3d 956, 967-68 (7th Cir. 1997)). In Venters, the Seventh Circuit explained that, "[t]he pertinence of a particular defense may only become apparent after discovery, for example, in which case it would be reasonable for the court to permit the belated assertion of that defense." 123 F.3d at 967; see also Walker, 526 F.3d at 979 (addressing whether there was a justification for defendants delay in asserting a statute of limitations affirmative defense before concluding that defendants waived the defense); Carter v. U.S., 333 F.3d 791, 796 (7th Cir. 2003) (examining whether plaintiff was harmed by defendant's untimely assertion of an affirmative defense); Atkinson v. General Research of Elec., Inc., 24 F.Supp.2d 894, 896 (N.D. Ill. 1998) (noting that a party's assertion of an untimely affirmative defense may be appropriate when that party has recently discovered new facts relevant to the defense).

In the present case, Defendants failed to raise their one-filing rule defense until almost two years after filing their Answer. Defendants offer no explanation for the almost two-year delay and provide no indication that Defendants were for some reason unable to ascertain the pertinence of the one-filing rule at the time they filed their Answer. See Venters, 123 F.3d at 967 ("Once the availability of an affirmative defense is reasonably apparent, the defendant must alert the parties and the court to his intent to pursue that defense."). In addition, Defendants do not allege that they recently discovered new facts that were essential to the assertion of the one-filing rule defense. See Atkinson, 24 F.Supp.2d at 896. Therefore the Court declines to allow Defendants to assert the one-filing rule where Defendants chose not to plead that affirmative defense in their Answer and provide no justification for their pronounced delay in raising the defense. See Walker, 526 F.3d at 979 (holding that defendants waived their statute of limitations affirmative defense because there was no justification for defendants' untimely assertion of that defense).

### III. CONCLUSION

For the foregoing reasons, Defendants' motion for summary judgment is denied.

IT IS SO ORDERED.

ENTER:

CHARLES RONALD NORGLE, Judge
United States District Court

DATED: June 1, 2009